```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x   S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x   **OPINION & ORDER**
            -against-               x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
            Defendant.              x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

Defendant Capalbo seeks to introduce fourteen tapes into evidence from wiretaps in this case. Counsel for Mr. Capalbo, Mr. Aronwald, indicates that the tapes are admissible to impeach the credibility of witness Maurizio Sanginiti. Mr. Aronwald is wrong. The witness was cross-examined extensively on the substance of the statements in the tapes Mr. Aronwald seeks to introduce; indeed, at times, Mr. Aronwald read directly from the tapes. At no point did the witness deny the substance of any of the statements on the tapes. See May 24, 2005 Tr. 2251-2281. Accordingly, the tapes are not admissible as prior inconsistent statements under Federal Rule of Evidence 613; additionally, after careful consideration, the Court finds no other evidentiary basis for the tapes' admission. Mr. Aronwald's application to introduce the tapes is therefore denied.

The Government moves to quash Rule 17(c) subpoenas served on the Metropolitan Correctional Center ("MCC") and the Metropolitan Detention Center ("MDC"). The subpoenas seek: "1) all incident reports and reports of disciplinary actions regarding Maurizio Sanginiti (#55931-054) and Din Celaj (#83560-054); 2) records concerning all telephone calls placed by [Maurizio Sanginiti and Din Celaj], other than attorney or legally privileged conversations (unless those too are not privileged due to institutional rules warning inmates that all calls are monitored); 3) all visiting records for the [same] inmates and records showing when and for how long they were signed out of the institution and the purpose therefore; and 4) all records concerning the dates, amounts and sources of deposits to their commissary accounts."

As a threshold matter, the Government, as a party whose legitimate interest is affected by the subpoenas, clearly has standing to challenge the subpoenas. See United States v. Reyes, 162 F.R.D. 468, 470 (S.D.N.Y. 1996). Substantively, the subpoenas, with the exception of the requests for Sanginiti's and Celaj's disciplinary reports, go far beyond the bounds of permissible discovery in a criminal case. See Fed. R. Cr. P. 16, 17. Accordingly, to the extent they have not already been

complied with, and with the exception of the disciplinary reports, the subpoenas are hereby quashed.[1]

Finally, after further consideration and a review of the transcript, the Court revises its ruling regarding Mr. Aronwald's application to cross-examine Sanginiti regarding the translation of the Italian phrase "hace viene." Without going into great detail, what is clear from the transcript, see May 24, 2005 Tr. at 2319-2322, is that all parties, including Mr. Aronwald, had an agreement with respect to the translation of "hace viene" that would be included in the jury's transcript binders. In light of that agreement, cross-examination of Sanginiti on his understanding of the meaning of that phrase is inappropriate and will not be permitted.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2005
New York, New York

---

[1] It should be noted that Mr. Bondy's decision to cold-call certain individuals on Sanginiti's call list was entirely inappropriate.