UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x    S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x    **OPINION & ORDER**
         -against-                  x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
              Defendant.            x
------------------------------------X

**SHIRLEY WOHL KRAM, U.S.D.J.**

For the second time in as many days, Defendant Angelo DiPietro moves for a mistrial. The Court will treat the mistrial applications as one motion.

DiPietro's motion for a mistrial is premised on two grounds: first, that the use of the robing room and sidebar to conduct conferences and rule on evidentiary and other issues is improper; and second, that the Court's comment that the marshals accompany DiPietro to the sidebar was unduly prejudicial. Both of these arguments are without merit.

With respect to the use of the robing room and sidebar in this trial, the Court makes the following observations. First, and most importantly, no lawyer, including counsel for Angelo DiPietro, Joseph Bondy, Esq., prior to June 6, 2005, ever requested that a client be present at sidebar or in the robing room. The first time such a request was

made, it was granted, in accordance with the Court's policy; however, by not requesting that he be present prior to June 6, 2005, DiPietro's presence was waived. Second, a significant amount of the conferences and sidebars in this matter have either been at the request of counsel (with no accompanying request for clients to also be present) or devoted to the lack of civility, inappropriate remarks, and defiance of the Court's rulings by certain defense counsel, including Mr. Bondy.[1] Finally, DiPietro's request, which from this point forward will be honored, five weeks after the commencement of trial, to be present at all conferences and sidebars in a very small courtroom where space and security are serious issues, appears far more a strategic decision by Mr. Bondy to attempt to create a prejudicial environment than it does a good faith application for Angelo DiPietro to assist in his own defense.

The second basis for DiPietro's mistrial application is the Court's comment that the marshals seated in the back of the courtroom must accompany DiPietro to the sidebar. Pursuant to DiPietro's recent request to attend sidebars, when a sidebar was requested the morning of June 6, 2005,

---

[1] In response to a pervasive (and unfortunate) trend, the Court has had to devote a significant amount of time attempting to curtail the inflammatory and prejudicial comments directed by some defense counsel at witnesses and the Assistant United States Attorneys in front of the jury.

the Court inquired of Mr. Bondy whether he was going to attend the sidebar "with [his] client and the two marshals." See Tr. 3358. Mr. Bondy objected to the reference to the two marshals, and now claims that the revelation that there were marshals in the courtroom has so prejudiced DiPietro that a mistrial must be granted. Mr. Bondy is seriously off the mark.

First, the comment that the marshals must accompany DiPietro to the sidebar is in accordance with the Court's policy that the security of the jury, the lawyers, and Court personnel is paramount, especially in cases such as this involving multiple defendants alleged to have committed violent crimes.[2] In this particular case, in such a small courtroom and confined sidebar area, those security concerns are even more pressing. Second, the fact that DiPietro has never been handcuffed in front of the jurors and has been dressed each day in plainclothes distinguishes this case from Estelle v. Williams, 425 U.S. 501 (1976). Finally, to the extent there was any potential prejudice to DiPietro, it was cured by the two instructions given by the

---

[2] It should be noted that DiPietro is charged with, inter alia, extortion, attempted extortion, using and carrying firearms and attempted robbery. Additionally, there is 404(b) evidence in this case that connects DiPietro to Albanian organized crime figures. There is also 404(b) evidence, which the Court excluded, that ties DiPietro to a homicide.

3

Court. The first instruction, given only moments after DiPietro approached the sidebar, was "I wanted to indicate to the jury that the attorneys have every right to have their client present at the sidebar when there is a conference which they've asked for with the court and the marshals come up as well. I want you to understand that." Tr. at 3364. That afternoon, immediately following the lunch break, the Court further instructed the jury as follows:

> I just wanted to say another word to the jury. This morning, or at least before lunch, I discussed the issue of the sidebar with you, and we do have a number of sidebars. And in a case like this where questions arise, that's bound to happen. The alternative is to keep sending the jury out of the room, which really would result in a great inconvenience to you. Always lawyers are entitled to have their clients at a sidebar if they so wish, and the court has no objection to that. But in a trial like this where it's a relatively small courtroom and there are so many defendants, it's my policy that when the defendants and attorneys come up to the sidebar that marshals be present.
>
> Now, I instruct you that there is no special weight or significance to be attached to the fact that the marshals are

4

present at the sidebar. That is just something that I feel is indicated, and I want to remind you that all defendants are entitled to a presumption of innocence.

Tr. at 3435.

The Court is firmly committed to providing all defendants in this case with a fair trial. It will not, however, permit thinly veiled gamesmanship to disrupt the efforts that have been made to provide a fair and impartial environment for all of the defendants. The motion is denied.

SO ORDERED.

```
                                    _____
                                    SHIRLEY WOHL KRAM
                                    UNITED STATES DISTRICT JUDGE
```

Dated:    New York, New York
          June 9, 2005