```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x   S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x   **OPINION & ORDER**
            -against-               x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
               Defendant.           x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

Defendants Angelo DiPietro and Harold Bringman move to preclude all consensual bodywire conversations between confidential informant Richard Signore and DiPietro and Bringman, pursuant to Crawford v. Washington, 124 S. Ct. 1354 (2004). Additionally, the Government moves to preclude any impeachment of Richard Signore by defense counsel. The defendants oppose the Government's application.

### I. Motion to Suppress Bodywires

While there is no question that Crawford expanded the rights of the accused under the Confrontation Clause with respect to prior testimonial statements admitted for their truth, such expansion does not cover the instant application. In Crawford, the Supreme Court clearly stated that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford, 124 S. Ct. at

1369, n.9; see also Tennessee v. Street, 471 U.S. 409, 414 (1985). Here, even if Signore's statements are "testimonial," an issue that the Court does not (because it need not) decide, the fact that the statements are not being offered for their truth renders Crawford inapplicable.[1] Accordingly, the motion to preclude the bodywire conversations between Signore and Defendants Dipietro and Bringman is denied.[2]

**II. Motion to Preclude Impeachment of Signore**

Because Signore will not testify in this matter, nor will the Government offer any hearsay statements of Signore, the Government asks the Court to preclude, pursuant to Federal Rule of Evidence 806, any impeachment by the defense of Richard Signore.

It has long been the case in the Second Circuit that it is proper to preclude cross-examination of an individual whose statements are not admitted for their truth. See

---

[1] The Government asserts that the statements of Richard Signore are offered not for their truth, but rather for the limited purpose of making the statements of DiPietro and Bringman intelligible. Under controlling precedent, this is a proper ground for limited admission. See, e.g., United States v. Sorrentino, 77 F.3d 294, 298 (2d Cir. 1995); see also United States v. Guzman, 754 F.2d 482, 487-88 (2d Cir. 1985).

[2] Of course, before the Court admits the bodywires, the conversations will have to be properly authenticated. In addition, assuming authentication, a limited instruction will be given concurrent with the introduction of the bodywires.

United States v. Wagner, 2004 WL 1340722 (2d Cir. June 15, 2004)(impeachment under Rule 806 not applicable where wiretap statements of an individual who was not called to testify are not offered for their truth because individual's credibility is irrelevant), (vacated on other grounds, Wagner v. United States, 125 S. Ct. 1743 (April 4, 2005)); see also United States v. Regan, 103 F.3d 1072, 1083 (2d Cir. 1997); United States v. McGowan, 58 F.3d 8, 15-16 (2d Cir. 1995).

Put simply, Richard Signore's statements are not being offered for their truth,[3] Signore's credibility is not at issue, and impeachment therefore is not warranted. The Government's motion to preclude the defense from impeaching Signore is granted.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   June 16, 2005
         New York, New York

---

[3] DiPietro's contention notwithstanding, Rules 801(d)(2)(C) and (D) do not provide a basis for impeachment of Signore.

3