```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x   S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x   OPINION & ORDER
          -against-                 x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
          Defendant.                x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

In connection with the forthcoming jury charge, and pursuant to Bourjaily v. United States, 483 U.S. 171, 175 (1987), the Court makes the following factual findings, by a preponderance of the evidence, with respect to the charges contained in Counts One through Ten of the Indictment:

1. On or about July 10, 2001, two separate conspiracies to extort John Perazzo merged into a single conspiracy to extort John Perazzo;

2. The conspiracy formed on July 10, 2001 involved each of the trial defendants and the declarants of each of the co-conspirator statements previously admitted by the Court, including Maurizio Sanginiti, Marc Nickolson, Din Celaj, Carl Macchiarulo, Nicola Murdocca, and Anthony DiPietro, among others; and

3. Each of the previously admitted co-conspirator statements were made during the course of and in furtherance of the conspiracy to extort John Perazzo.[1]

The Court makes the following factual findings, by a preponderance of the evidence, with respect to the burglary and home invasion offenses charged in Counts Eleven through Thirteen of the Indictment:

---

[1] Having determined that the two charged conspiracies merged into one conspiracy to extort John Perazzo on July 10, 2001, it is clear under Second Circuit precedent that the statements already admitted into evidence by Maurizio Sanginiti, Marc Nickolson, Din Celaj, Carl Macchiarulo, Nicola Murdocca, and Anthony DiPietro, among others, are admissible against all five of the trial defendants with respect to the charges involving the alleged extortion of John Perazzo. See, e.g., United States v. Lyles, 593 F.2d 182, 194 (2d Cir. 1979)("It is well-settled law that the conspiracy which serves as the vehicle for introduction of a vicarious admission by a co-conspirator need not be charged in the indictment.")  In addition, the acts and statements of a co-conspirator are admissible under Rule 801(d)(2)(E) against a defendant, even when the acts and statements were made prior to the defendant's joining the conspiracy. See United States v. Badalamenti, 794 F.2d 821 (2d Cir. 1986); see also United States v. Heinemann, 801 F.2d 86, 92 (2d Cir. 1986)(observing that "there is, of course, no requirement that each co-conspirator participate in every phase of an evolving conspiracy, as long as each was aware that the conspiracy did not begin and end with his own activities.")  Because "the declarations and acts of the various members [of the conspiracy], even though made or done prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy," United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948), the Government is not required, as defendants contend, to proffer additional evidence of an overarching conspiracy that existed prior to July 10, 2001.

1. From in or about 2001, up to and including in or about 2002, an overarching burglary conspiracy existed;

2. The conspiracy involved defendants Angelo DiPietro and Angelo Capalbo and the declarants of each of the co-conspirator statements previously admitted into evidence by the Court, including Maurizio Sanginiti, Marc Nickolson, and Din Celaj; and

3. Each of the previously admitted co-conspirator statements were made during the course of and in furtherance of the burglary conspiracy.

Finally, the Court makes the following factual findings, by a preponderance of the evidence, with respect to the charges contained in Counts Fourteen through Sixteen of the Indictment:

1. From in or about September 2001, up to and including in or about March 2003, a loansharking conspiracy existed;

2. The conspiracy involved defendants Angelo DiPietro and Harold Bringman, and co-conspirator Anthony DiPietro who was the declarant of co-conspirator statements

3

previously admitted into evidence by the Court; and

3. The previously admitted co-conspirator statements were made during the course of and in furtherance of the loansharking conspiracy.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   June 27, 2005
         New York, New York