UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x    S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x    **OPINION & ORDER**
          -against-                 x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
               Defendant.           x
------------------------------------X
**SHIRLEY WOHL KRAM, U.S.D.J.**

In keeping with a predictable trend, Defendant Angelo DiPietro moves for a mistrial. This time, DiPietro contends that, in violation of Federal Rule of Criminal Procedure 31(d), he was not given a chance to object to several parts of the jury instructions after the charge had been given.[1]

Specifically, DiPietro argues that he was not given an opportunity to object to: 1) "the Court's failure to include certain language in the definition of 'extortionate means'"; 2) the Court's failure to rule on his 'missing witness' request; and 3) the Court's indication, at page

---

[1] Rule 31(d), entitled "Jury Poll," states that, "After a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually. If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury." Given that there is no verdict in this case yet, it is hard to understand how Rule 31(d) applies to the instant motion.

105 of the charge, that DiPietro did not object to the use of audiotape evidence.[2] The objections are baseless.

First, in case the Court's July 5, 2005 Order (from yesterday) was not clear, the Court declined DiPietro's application for the additional 'extortionate means' language, finding that it would be more confusing than illuminative.[3] Second, the defendants have made previous requests for a 'missing witness' charge. The Court's decision not to include that specific charge, as indicated to counsel, reflected its decision that the previous requests were inappropriate.

DiPietro's objections are not only re-argument of previous decisions, they are substantively without merit, as they were when first raised. The motion for a mistrial is denied.

---

[2] Page 105 of the charge is the substantive venue instruction; it says nothing whatsoever about the defendants' position with respect to audiotape evidence. As such, the Court has no basis upon which to assess this particular objection.

[3] The re-argument, regurgitation, and "renewal" of issues already decided have been a disturbing pattern in this case. Amazingly, the citations in DiPietro's July 5, 2005 letter, offered in support of his 'extortionate means' request are identical to the citations offered in support of that same request in his June 28, 2005 letter, which was denied by the Court.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   July 6, 2005
         New York, New York