```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x   S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x   OPINION & ORDER
          -against-                 x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
               Defendants.          x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

After approximately ten weeks of trial and four days of deliberations, a jury found the five defendants in this matter guilty on July 12, 2005.[1] The defendants now move, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 29(c), for a post-conviction judgment of acquittal. Additionally, defendant Angelo DiPietro moves, pursuant to Fed. R. Crim. P. 33, for a new trial.[2]

Rule 29(c) Motions

In support of their Rule 29(c) motions, the defendants make the following arguments:

---

[1] There were sixteen counts in the Indictment in this case. With the exception of the acquittal of Angelo Capalbo on Count Four, the defendants were found guilty on all counts.
[2] The Court received DiPietro's Rule 29 and Rule 33 motions on July 26, 2005; however, a corrected version was received on July 29, 2005. The corrected version substituted (on page one) the name DiPietro for the name Gotti, which appeared in the July 26 submission. The Court refers herein to the corrected July 29 submission.

### Harold Bringman

Bringman's Rule 29 motion is based on five grounds: (1) as to Counts Two and Five, the evidence was insufficient, both factually and legally, to convict him; (2) the Court's instruction on Count Ten was erroneous; (3) the evidence was insufficient to sustain a conviction on Count Ten; (4) the evidence was insufficient on Counts Fourteen and Fifteen; and (5) bodywire evidence introduced against Bringman was not properly authenticated.

### Angelo Capalbo

Capalbo's Rule 29 motion is based on two contentions: (1) the Court's jury instructions with respect to Count 10 were "fatally flawed;" and (2) the evidence was insufficient to sustain a conviction under the Hobbs Act (and the corresponding conspiracy counts) because the Government failed to prove the existence of interstate commerce, as is required by the statute. See Capalbo July 25, 2005 Letter at 1-4.

### Angelo DiPietro

DiPietro's Rule 29 motion is also based on the alleged insufficiency of the evidence. Specifically, DiPietro contends that "the jury was thus presented only with the testimony of motivated cooperating witnesses and professionally biased government agents, whose allegations

were uncorroborated by physical evidence." DiPietro July 29, 2005 Letter at 2.

Joseph Genua

Genua joins in the submissions of his co-defendants, but does not raise any independent arguments.

Michael Pizzuti

Pizzuti's Rule 29 motion is based on three arguments: (1) the Court's jury instruction with respect to Count 10 was "patently erroneous;" (2) the evidence was insufficient against Pizzuti on Counts Two and Five;[3] and (3) there was no evidence that the rifle involved in Count Six "was capable of firing a projectile as required under 18 U.S.C. § 921." Pizzuti July 25, 2005 Letter at 1-2.

**I. The Rule 29(c) Motions Are Denied**

In deciding a Rule 29 motion, the court must resolve all inferences in favor of the prosecution, and view the proof in the light most favorable to the Government. See United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984). The court may not assess witness credibility, resolve inconsistent testimony against the verdict, or otherwise weigh the significance of the evidence. See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). The court

---

[3] Pizzuti also joins in Capalbo's jurisdictional arguments with respect to the Hobbs Act.

3

must grant the motion "if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." United States v. Taylor, 464 F.2d 240, 243 (2d Cir. 1972). Otherwise, "it must let the jury decide the matter." Id. The Second Circuit has observed that "[t]hese strict rules are necessary to avoid judicial usurpation of the jury function." Mariani, 725 F.2d at 865.

Applying the Second Circuit's "strict rules" to the instant Rule 29 applications, it is clear that the motions based on insufficient evidence are without merit. When viewing the proof in the light most favorable to the Government, the Court finds that there was a significant amount of evidence in this case, including witness testimony, documents, and intercepted phone conversations, upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Accordingly, the Rule 29(c) motions based on insufficient evidence are denied.

The defendants also move for a post-conviction judgment of acquittal under Rule 29(c) based on what they claim was the Court's erroneous interpretation of Arthur Andersen LLP v. United States, 125 S. Ct. 2129 (2005), in its jury instruction on Count Ten. Yet again, the Court rejects these arguments. The defendants' "interpretation"

of Andersen, a case that, factually, is entirely distinct from this case, is seriously wide of the mark. Further, to the extent that Andersen imposed new requirements, i.e., the foreseeability of an official proceeding, the Court's charge reflected it.

Finally, Bringman's argument that body wires involving cooperating witness Richard Signore were not properly authenticated is belied by the record and is rejected.

## II. The Rule 33 Motion For A New Trial Is Denied

In support of his Rule 33 motion, DiPietro claims that, "viewing the record as a whole, [the Court] repeatedly undermined his Constitutional rights, and denied him a fair trial and due process of law." DiPietro July 29, 2005 Letter at 2. To bolster this contention, DiPietro resubmits seven pages of previously rejected argument interspersed with an occasional new paragraph.[4]

Fed. R. Crim. P. 33 permits a defendant to move for a new trial "in the interest of justice." In contrast to a challenge to the legal sufficiency of the evidence under Fed. R. Crim. P. 29, a motion for a new trial under Rule 33

---

[4] This is in keeping with a pattern in this case in which, after the Court rejects DiPietro's legal arguments and applications, DiPietro reargues, albeit in a much more accusatory manner, the same issue. Turning up the volume on an unintelligible broadcast, however, does not make it any easier to hear.

5

permits the court to evaluate the weight of the evidence and the credibility of witnesses. <u>United States v. Sanchez</u>, 969 F.2d 1409, 1413 (2d Cir. 1992). However, only in "exceptional circumstances" may the Court reject the jury's assessment of witness credibility, such as where the testimony is "patently incredible or defies physical realities." <u>Id.</u> at 1414. And even when the court concludes that a government witness was not credible, it should not grant a new trial unless it would be a "manifest injustice" to let the verdict stand, <u>i.e.,</u> where, in light of the record as a whole, there is "a real concern that an innocent person may have been convicted." <u>Id.</u>

Since the Court has already ruled on all of the mistrial-related applications made by DiPietro, it will not re-address them here. Some general observations in response to DiPietro's claim that he "was denied a trial which even approximated fairness," DiPietro July 29, 2005 Letter at 10, however, are appropriate. The Court went to great lengths to afford each of the defendants in this case a fair trial. Cross-examinations were allowed to continue for days, parties were given almost unlimited time and opportunity to make objections, and argument, including re-

argument, was virtually unfettered.[5] Despite all of that, Mr. Bondy consistently and deliberately (apparently in the hopes of procuring a mistrial) attempted to create a circus-like atmosphere in the courtroom.[6] When his tactics were not tolerated, Mr. Bondy moved for a mistrial; when the mistrial applications were denied, Mr. Bondy claimed, and continues to claim, that his client was denied a fair trial. In that sense, Mr. Bondy's claim that "the entire

---

[5] Three specific examples (though there are many more) of the wide latitude defense counsel were given are the cross-examinations of witnesses Maurizio Sanginiti and Din Celaj and the argument on the Rule 29 applications. The direct testimony of Sanginiti, exclusive of sidebar conferences outside the presence of the jury, takes approximately 467 pages in the transcript. The cross-examination of Sanginiti accounts for 745 pages. See Tr. 1051-2556. The direct examination of Din Celaj is, exclusive of sidebars, approximately 169 pages of transcript. Celaj's cross-examination accounts for approximately 395 pages (of which DiPietro's counsel, Joseph Bondy, alone took 168 pages), more than double the direct. See Tr. 4207-4832. Additionally, the Court permitted close to two hours of oral argument on Rule 29 motions made by the defense at the close of the Government's case. See Tr. at 5686-5745.

[6] During the course of the trial, Mr. Bondy, inter alia: attempted to move wholly argumentative and, for that matter, sophomoric clip-art exhibits into evidence; see Tr. 1717; repeatedly interrupted witnesses, yelled at witnesses, and offered his own testimony, see Tr. at 1821, 1908, 1919, and 1987-88; patently ignored this Court's rulings and treated both opposing counsel and the Court uncivilly; see Tr. at 1929-1933, 6588-6591, 6724-6727; and cold-called every single person on a cooperating witness's calling list (provided by the MCC and MDC pursuant to a subpoena) and quizzed them as to whether they had any knowledge as to whether that witness had ever gambled at any point during the fifteen or so months that he was incarcerated.

7

proceeding bordered on surreal," DiPietro July 29, 2005 Letter at 10, is not altogether inaccurate.

Put simply, it would not be a "manifest injustice" to let the verdict against DiPietro stand. The evidence upon which a reasonable mind might (and did) fairly conclude guilt beyond a reasonable doubt against DiPietro was abundant. Accordingly, the motion for a new trial is denied.

SO ORDERED.

```
                                    _____
                                    SHIRLEY WOHL KRAM
                                    UNITED STATES DISTRICT JUDGE
```

Dated:   August 3, 2005
         New York, New York